UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JANE McCAULEY,
DEBORAH FUQUA,
LAVENIA McDOWELL,
TONYA MOORE, and
MELISSA SPURGEON,
on behalf of themselves and all other similarly situated individuals, PLAINTIFFS

v. CIVIL ACTION NO. 3:10-CV-363-S

FAMILY DOLLAR, INC., DEFENDANT

## **MEMORANDUM OPINION**

Plaintiffs, a group of current and/or former hourly employees[1] of defendant Family Dollar, Inc., sued in state court for violations of Kentucky's wage and hour statutes, KRS 337.010 et seq. Family Dollar removed pursuant to 28 U.S.C. §§ 1441 and 1332(d), alleging that this is a class action involving diverse parties in which more than the $5,000,000 jurisdictional minimum is at stake. Plaintiffs move to remand the case to state court on the sole ground that the amount-in-controversy requirement is not met.[2]

The defendant has separately filed a motion for disqualification of plaintiff's counsel, which the plaintiffs have asked the court to hold in abeyance pending resolution of the motion to remand.

---

[1] The named plaintiffs are current or former hourly employees. (Compl. ¶¶ 7-11.) They seek to represent a class defined as follows:
> All current and former *hourly* employees of Family Dollar, Inc. employed in the Commonwealth of Kentucky, who were at anytime [sic]:
> (a) Not provided their statutory paid breaks; and
> (b) Not provide[d] compensation for all hours.

(*Id*. at ¶ 22.)

[2] The named plaintiffs are all Kentucky residents, and the class is limited to persons employed by Family Dollar in the Commonwealth of Kentucky. The defendant is a North Carolina corporation with its principal place of business in Charlotte, North Carolina. The diversity-of-citizenship requirement is thus satisfied.

The court is not of opinion that plaintiffs' counsel's alleged conflict of interest has hindered his handling of the remand motion now before the court,[3] and accordingly the motion to hold in abeyance will be granted.

A defendant seeking removal has the burden of proving federal jurisdiction; he must show by a preponderance of the evidence that (*inter alia*) the amount-in-controversy requirement is met. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). For purposes of establishing the amount in controversy, courts rely on the damages sought by the Plaintiff in the original complaint. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001). "This is a pleading requirement, not a demand for proof. Discovery and trial come later." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). The defense is entitled to rely on a "fair reading" of the complaint's allegations in determining whether the threshold is met. *Hayes*, 266 F.3d at 573. "The preponderance standard is a moderate burden that balances the defendant's right to remove and the federal interest in limiting diversity jurisdiction. It does not place upon the defendant the daunting burden imposed by the legal certainty test, to research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994) (*citing Gafford*, 997 F.2d at 159).

In accordance with Kentucky law, the plaintiffs have not alleged a specific total damages figure. The defense thus relies on the other allegations in the complaint to show that it more likely than not seeks more than $5,000,000. Its reasoning is as follows. The firm's records show that some 6,793 different hourly employees worked for it in Kentucky in the five-year period prior to the filing

---

[3] The alleged conflict arises because the same attorney also represents two former Family Dollar store managers in a suit pending in this court against the same employer, *Barker v. Family Dollar, Inc.*, No. 3:10-cv-170-H. According to the defendant's motion, these managers are responsible for overseeing the hourly employees' working conditions, including the off-the-clock work and paid breaks that are the subject of this action. This assertedly creates a conflict because the plaintiffs here present a claim that the *Barker* plaintiffs acted unlawfully. Because the issue has not been fully briefed the court expresses no view of the merits of this argument at this juncture.

of the complaint. (Venberg Decl. ¶ 3.) The premise of the complaint is that the company's alleged violations were widespread, such that most or all of those hourly employees will seek to recover in this lawsuit. Dividing the jurisdictional minimum by the total number of potential claimants, each plaintiff would have to recover (on average) just $736.06 in order for the complaint to clear the threshold. This number is low enough, according to the defense, as to make attainment more probable than not; thus the complaint satisfies § 1332(d)'s requirements.

In support of this line of argument, the defense cites *England v. Advance Stores Co.*, 2008 U.S. Dist. LEXIS 71828 (W.D. Ky. Sept. 19, 2008). *England* was a factually similar case involving a class of 1,032 employees who alleged that the defendant "required employees to work more than four hours without a rest period of at least ten minutes, to complete shifts without a reasonable lunch period, and to work off the clock without compensation." *Id.* at *1-*2. Then-Judge Russell determined that $5,000 was a sufficiently low average recovery to allow it to be "reasonably deduced" that the $5,000,000 threshold was met. *Id.* at *5. Given the factual similarity of the underlying actions and the additional fact that the class in the instant case is more than six times larger than the one at issue in *England*, the defense argues that its burden is met.

Plaintiffs respond that the proffered number of employees is inflated, because many of the employees in the proposed class apparently worked for only a few weeks. The majority of claimants would thus have relatively tiny claims, which would drag down the size of the aggregate class claim. The court does not find this argument persuasive. The defense has provided data regarding the wage rates and duration of employment for four of the named plaintiffs.[4] Starting from the conservative assumption that each employee was asked to work one hour per week off the clock, it calculates that

---

[4] Family Dollar apparently has no record of Jane McCauley ever having been employed by the firm.

each of the four would present a claim in excess of $736.06. (Notice of Removal 7; Resp. 5-6.)[5] If the named plaintiffs' claims are at all typical, claims like theirs could carry a large number of much smaller claims. This is even more true if (as seems plausible) the plaintiffs were subjected to off-the-clock work requirements amounting to more than a single hour per week.

Further, to the unpaid wages claims will be added some as-yet-unspecified sum in compensation for Family Dollar's alleged failure to provide statutorily-mandated paid break periods.[6] Finally, KRS 337.385(1) allows the court to award reasonable attorney's fees, which may therefore be included when determining the amount in controversy.[7] *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). Taking all this together with the sheer number of potential claimants, the court concludes that the jurisdictional minimum is more likely met than not.

The court acknowledges that the defendant's calculations are speculative ("guesstimates," as the plaintiffs term them), but they are meant to be illustrative rather than as conclusive evidence of the size of the requested discovery. The idea is that, even working from conservative assumptions

---

[5] On the one-hour-per-week assumption, Tonya Moore could claim $3,080; Melissa Spurgeon could claim $840; Deborah Fuqua could claim $1,451; and Lavenia McDowell could claim $1,355.

[6] The court rejects the plaintiffs' characterization of their claims as "not separate and distinct" and limited to the defendant's alleged failure to provide statutorily mandated rest breaks. (Reply 4.) The complaint contains separate factual allegations regarding paid breaks (¶ 19) and off-the-clock work (¶ 20), and the class definition contains two separate ways in which a person might become a member of the class (¶ 22 (quoted at supra note 1)). While it's true that the complaint contains only a single count, that count contains two separate ways in which the offense was committed (¶ 32 ("Family Dollar has violated, and continues to violate, KRS 337, et seq., by failing to provide hourly employees with their statutory paid breaks *and* by failing to compensate hourly employees for all time worked." (emphasis added)).) The complaint states two ways in which the plaintiffs might recover, and the defense is entitled to count both in determining the amount in controversy.

While the plaintiffs might now be thought to have abandoned the off-the-clock claim in favor of the paid-breaks claim, both causes of action existed when the complaint was filed and when the case was removed. "Jurisdiction is determined at the time of removal, and subsequent events, 'whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'" *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)). The plaintiffs' apparent decision to drop the claim after removal is thus irrelevant to the court's jurisdiction.

[7] Interest and costs, however, are specifically excluded from consideration by the terms of 28 U.S.C. 1332(d)(2).

about the alleged extent of Family Dollar's illegal activity, it appears more likely than not that the plaintiffs seek to recover in excess of $5,000,000. As noted above, the defendant is entitled to rely on a fair reading of the complaint and is not required to research and prove the plaintiff's case. Family Dollar has constructed from the complaint a strong argument for the proposition that the plaintiffs have put more than the jurisdictional minimum in issue. The court accordingly concludes that the defense has carried its moderate burden, and the motion to remand will be denied by separate order.