UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JEAN McCAULEY, et al.                                                                                    PLAINTIFFS

v.                                                                          CIVIL ACTION NO. 3:10-CV-363-S

FAMILY DOLLAR, INC.                                                                                    DEFENDANT

## MEMORANDUM OPINION

This matter comes before the court on defendant Family Dollar, Inc.'s motion to disqualify plaintiffs' counsel (DN 6) due to a conflict of interest. Plaintiffs have responded (DN 31) and the defendant has replied (DN 32). For the reasons that follow, defendant's motion to disqualify will be **GRANTED**. Family Dollar has also filed a motion seeking leave to file a corrected reply in support of its motion in order to clarify statutory language quoted in its brief (DN 33). Plaintiff has objected (DN 34), and Family Dollar has replied (DN 35). We find plaintiffs' objections to be without merit, and therefore Family Dollar's motion for leave to correct its reply will also be **GRANTED**.

## BACKGROUND

Plaintiffs' counsel currently represents two groups of plaintiffs in two separate putative class actions against Family Dollar, Inc. ("Family Dollar"). Both suits are based on claims that Family Dollar violated Kentucky's wage and hour laws, albeit in different ways. In the suit before this court, plaintiffs' counsel represents a group of five former hourly store employees (referred to here as the *McCauley* plaintiffs) who claim Family Dollar forced them to work while off the clock and illegally denied them break periods. The plaintiffs are pursuing this case as a

possible class action on behalf of current and former Family Dollar employees in Kentucky who were subject to the alleged violations.

In another suit,[1] filed about two months before this action and also pending in this court, plaintiffs' counsel represents two former Family Dollar store managers (referred to here as the *Barker* plaintiffs). These plaintiffs claim Family Dollar misclassified them as overtime-exempt managerial employees and improperly denied them overtime pay. This case is also a potential class action – this one on behalf of all current and former Family Dollar Store Managers in Kentucky who were classified as salaried employees.

Family Dollar claims that plaintiffs' counsel's representation of both groups presents a conflict of interest that requires he be disqualified. Because store managers are employees' direct supervisors and are responsible for monitoring breaks and preventing off-clock work violations in the store, they would necessarily bear some responsibility for the violations the employee plaintiffs allege. Plaintiffs' counsel argues that the managers actually have little discretion to run the stores and therefore would not have been responsible for Family Dollar's conduct; that the two groups' interests are actually aligned because they both seek relief from Family Dollar based on the same pattern of wage and hour violations; and that any conflict alleged at this point is speculative and does not provide grounds for disqualification.

**ANALYSIS**

A party moving for the disqualification of opposing counsel bears the burden of proof to show that disqualification is necessary. *Bartech Indus., Inc. v. Int'l Baking Co., Inc.*, 910 F. Supp. 388, 392 (E.D. Tenn. 1996) (citing *A.J. by L.B. v. Kierst,* 56 F.3d 849 (8th Cir. 1995)).

---

[1] *Barker, et al. v. Family Dollar, Inc.*, No. 3:10-CV-00170-JGH.

Courts ruling on a motion to disqualify must take into account the societal interests in maintaining professional ethical standards and the integrity of the judicial process and the interests of the litigants in being represented by the counsel of their choice. *Id.* at 392 (citations omitted). A federal court considering a matter of professional ethics looks to codified rules of professional responsibility for guidance. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Alticor, Inc.*, 466 F.3d 456, 457–58 (6th Cir. 2006), *vacated on other grounds on reh'g*, 472 F.3d 436 (6th Cir. 2007). Because this court requires attorneys practicing before it to comply with the Kentucky Supreme Court rules governing professional ethics, *see* LR 83.3(c), we find it appropriate to apply the Kentucky rules in our analysis.

The Kentucky Rules of Professional Conduct prohibit a lawyer from representing a client if the representation involves a concurrent conflict of interest. KY. RULES PROF'L CONDUCT R. 1.7, codified at KY. SUP. CT. R. 3.130. A concurrent conflict of interests exists where (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. *Id.* Even if parties are not named on opposite sides of the lawsuit, a direct conflict may nonetheless arise; for instance, a direct conflict occurs when an attorney in one matter is forced to cross-examine a client he represents in another matter. KY. RULES PROF'L CONDUCT R. 1.7, cmt. 6.

It is evident that the *McCauley* and *Baker* plaintiffs are directly adverse in these cases. Although not named parties in the *McCauley* action, the store managers who make up the proposed plaintiff class in *Baker* nonetheless have interests that conflict with those of the

employees in *McCauley*. The *McCauley* plaintiffs allege that Family Dollar illegally denied them breaks and forced them to work while off the clock. Under Family Dollar's organizational structure, store managers supervise the day-to-day operations of the store, including monitoring employees' breaks and ensuring that off the clock work does not occur. *See* Def.'s Mot. to Disqualify Pls.' Counsel, Ex. A (Decl. of Bryan Venberg), at ¶ 5. It follows that the store managers, as the parties who manage employees' breaks and hours on a day-to-day basis, would have played at least some role in the wage and hour violations the *McCauley* plaintiffs allege.

This situation presents a number of potential practical ethical problems. For instance, Family Dollar asserts that as part of its defense in the *McCauley* case, it anticipates calling as witnesses store managers who will testify that they did not violate wage and hour laws. At that point, plaintiffs' counsel will be forced to either cross-examine the manager who is on the stand to protect the *McCauley* plaintiffs' interests or refrain from cross-examination in order to avoid prejudicing the managerial plaintiffs in the *Baker* action, thus undermining plaintiffs' counsel's ability to zealously advocate on behalf of his clients.

Family Dollar also points out that the dual representation creates the possibility of collusion between the two groups. The store managers, as probable players in Family Dollar's defense in *McCauley*, will likely be exposed to privileged Family Dollar information in the course of working with Family Dollar's attorneys. It would be difficult, if not impossible, to ensure that this information would not be communicated to the managers' attorney when meeting with him about the *Barker* case. The dual representation would also present the temptation for the managers and employees to trade favorable testimony or share information among themselves in a manner that would unfairly prejudice Family Dollar's case.

Family Dollar does not allege, nor do we suggest, that such collusion has or will occur. However, "[t]he point is not whether impropriety exists, but that any appearance of impropriety is to be avoided." *O'Hara v. Ky. Bar Ass'n*, 535 S.W.2d 83, 83 (Ky. 1975). The mere potential for collusion between two groups of plaintiffs prosecuting cases against a single defendant creates a substantial appearance of impropriety. That no untoward action has actually taken place is immaterial.

Plaintiffs' counsel's attempts to minimize these conflicts are unavailing. He cites an Eleventh Circuit case, *Morgan v. Family Dollar Stores*, 551 F.3d 1233 (11th Cir. 2008), for the proposition that district managers, not store managers, actually operate Family Dollar stores. The *Morgan* decision upheld a jury's determination that store managers were improperly classified as overtime-exempt employees because – among other factors – they did not exercise sufficient discretionary authority to be classified as "managerial." *Id.* at 1270–71. *Morgan*, however, contained no findings of fact as to whether the store managers' duties included supervising employee breaks or preventing off the clock work, and even if it did, the factual findings from that case would not bind this court.

Second, plaintiffs' counsel argues that the managerial plaintiffs' interests are actually aligned with the employees' because both groups seek redress for the same pattern of wage and hour violations. Whether this is the case or not does not affect our conflict analysis; in fact, the fact that the parties are united against a common foe actually heightens the possibility of improper collusion and bolsters the case for disqualifying plaintiffs' counsel in this matter.

Third, the fact that no improprieties have actually taken place does not mitigate the conflict of interest problem. As noted above, Kentucky courts have long recognized that even the

appearance of impropriety is sufficient to warrant disqualification for a conflict of interest. *See, e.g.*, *Lovell v. Winchester*, 941 S.W.2d 466, 469 (Ky. 1997) (explaining that allowing disqualification for the appearance of impropriety "promotes the public's confidence in the integrity of the legal profession"); *see also Am. Ins. Ass'n v. Ky. Bar Ass'n,* 917 S.W.2d 568, 573 (Ky. 1996); *O'Hara,* 535 S.W.2d at 83.

Finally, we are of the opinion that this conflict cannot be waived on behalf of the class of *McCauley* plaintiffs. The Kentucky rules allow concurrent conflicts of interest to be waived if, among other things, the attorney obtains informed consent in writing from affected clients. KY. RULES PROF'L CONDUCT R. 1.7(b)(4). The Comment to this rule notes that "[i]nformed consent requires that *each affected client* be aware of the relevant circumstances and of the material and reasonably foreseeable ways that the conflict could have adverse effects on the interests of that client." *Id.*, cmt. 18 (emphasis added). The use of the word "each" in this rule renders it unlikely that a named plaintiff could waive a conflict on behalf of the entire class because the rule demands individualized consent.[2]

We conclude that Family Dollar has adequately demonstrated that a conflict of interest exists in plaintiffs' counsel's concurrent representation of both the managerial and employee plaintiffs. Because the Kentucky rules require the consent of each affected client, the named plaintiffs in this putative class action may not waive the conflict on behalf of the unnamed class members. Plaintiffs' counsel may not represent both groups of plaintiffs.

---

[2]A federal court in the Eastern District of Pennsylvania, interpreting a similar provision in Pennsylvania's Rules of Professional Conduct, reached a conclusion identical to ours. *See Davis v. Kraft Foods N. Am.*, No. 2:03-CV-06060-PD, 2006 U.S. Dist. LEXIS 3512 *36–37 (E.D. Pa. Jan 31, 2006) (explaining that "consent after full disclosure is impossible in class actions," and therefore a putative class representative may not waive a conflict of interest on behalf of the unnamed class).

A separate order will issue in accordance with this opinion.